IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CESAR GARZA, #871099, ) | |
|        Petitioner, ) | |
| ) | |
| v. ) | No. 3:04-CV-487-P |
| ) | |
| DOUGLAS DRETKE, Director, Texas ) | |
| Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|        Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow.

**FINDINGS AND CONCLUSIONS**

**I.  Nature of the Case**

A state inmate seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**II.  Parties**

Cesar Garza ("Petitioner") is in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent, Douglas Dretke, is the Director of TDCJ-CID.

**III.  Procedural History**

Petitioner pled guilty to the felony offense of murder, and the trial court sentenced him to twenty years in the custody of TDCJ-CID. *State v. Garza*, No. JD-41124-W (304th Dist. Court,

Dallas County, Tex. April 28, 1998). Petitioner initiated this proceeding by a petition placed in the prison mail on February 9, 2004.[1] Respondent filed a preliminary response, contending the petition is time barred. Accordingly, the Court will consider whether the petition is untimely.

## IV.    The Statute of Limitations

The issue to be resolved is whether Petitioner's petition for federal habeas corpus relief is barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)-(2).[2] Petitions brought pursuant to 28 U.S.C. § 2254 are subject to a one-year limitation period, running from the latest of: (1) the date on which a defendant's conviction becomes final; (2) the date on which a State-created impediment to filing a § 2254 petition is removed; (3) the date on which the right asserted in the motion is first recognized by the United States Supreme Court and made retroactively applicable to cases on

---

[1] A federal habeas corpus petition is deemed filed when it is handed to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

[2] The terms of 28 U.S.C. § 2244 provide:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United Sates is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

collateral review; or (4) the date on which a defendant discovered, or with reasonable diligence could have discovered, the facts supporting his claim. 28 U.S.C. § 2244(d)(1). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244 (d)(2).

In this case, the limitation period commenced on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(a). Petitioner did not appeal his conviction. Hence, his conviction became final thirty days later when the time for seeking direct review expired. *See* TEX. R. APP. P. 26.2 (a)(1). The one-year limitation period commenced on May 29, 1998, and expired on May 28, 1999. Petitioner did not file a state application for writ of habeas corpus. Hence, the limitation period was not subject to statutory tolling.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling")(quoting *Davis*, 158 F.3d at 811). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part,* 223 F.3d 797 (5th Cir. 2000).

Petitioner contends that he is actually innocent. Petitioner's actual innocence claim does not constitute a "rare and exceptional" circumstance because many inmates contend that they are innocent. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). The fact that a petitioner is proceeding *pro se* or is ignorant of the law does not excuse his failure to follow procedural rules. *See Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992). Similarly, an inmate's lack of legal training is not grounds for equitable tolling. *See United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993).

The statute of limitations expired on May 29, 1999, over four and one-half years before Petitioner filed his February 9, 2004 petition for writ of habeas corpus. Petitioner failed to present any evidence of grounds for statutory or equitable tolling of the limitation period. Accordingly, the petition should be dismissed with prejudice as barred by the statute of limitations.

## RECOMMENDATION

The petition for federal habeas corpus relief should be dismissed with prejudice as barred by the statute of limitations provided in 28 U.S.C. § 2244(d).

Signed October 3, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

5